WESTON B. ANDREWS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Andrews v. Commissioner
Docket Nos. 2665-76, 9102-76. [1]
United States Tax Court
T.C. Memo 1978-174; 1978 Tax Ct. Memo LEXIS 341; 37 T.C.M. (CCH) 744; T.C.M. (RIA) 780174; May 10, 1978, Filed *341 Held, petitioner is not entitled to a casualty loss deduction for anticipated medical expenses, loss of past, present, and future anticipated earnings, and other anticipated disability related losses that occurred when petitioner was injured in an automobile accident. Weston B. Andrews, pro se. David J. Karzon, Jr., for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILLES, Judge: Respondent determined deficiencies of $4,117.00 and $9,488.98 in petitioner's 1973 and 1975 Federal income taxes. The only issue that is unsettled is whether petitioner is entitled to a casualty loss deduction for anticipated *342 medical expenses, loss of past, present, and future expected earnings, and other anticipated disability related losses that petitioner incurred or will incur as a result of injuries received in an automobile accident. FINDINGS OF FACT Some facts have been stipulated and are found accordingly. Petitioner timely filed his 1973 and 1975 Federal income tax returns with the Internal Revenue Service Center, Kansas City, Missouri. When he filed his petition with this Court, petitioner was a resident of Chesterfield, Missouri. On May 9, 1969, petitioner was involved in an automobile accident. As a result of this accident, petitioner, a material engineering specialist, had decreased opportunities for advancement and reduced earning potential. He also had physical disabilities and recurring accident related medical expenses. On his 1973 Federal income tax return petitioner reported a casualty loss before insurance reimbursement of $178,121.00. Petitioner reported that this loss consisted of a $49,672.00 medical damage/loss; a $72,612.00 disability damage/loss; and a $56,837.00 salary damage/loss. Insurance reimbursement was $43,679.12. Petitioner calculated his expected losses *343 on three pages of detailed computations which were also attached to his income tax return. These computations indicate that petitioner calculated what he thought had been his loss in salary as a result of the accident and his medical expenses and from these figures petitioner extrapolated what his losses would be over the next 20 years. Petitioner's 1975 Federal income tax return indicated a carryover casualty loss deduction of $37,408 consisting apparently of further anticipated losses resulting from his 1969 car accident. In his notice of deficiency respondent disallowed petitioner's casualty loss deductions stating that, The amount * * * claimed as a casualty loss * * * consisting of anticipated medical expenses and loss of potential earnings, past, present and future, is not allowed because the Internal Revenue Code of 1954 makes no allowance for potential or anticipated losses or expenses either in section 165, covering casualty and other losses, or section 213, covering medical expenses, or any other section. OPINION Generally, petitioner contends that section 165 [2] allows deductions for casualty losses to property, and since people are more valuable than property, *344 a similar casualty loss deduction should be allowed for injuries and losses to people. Petitioner alleges his losses consist of a loss in potential earnings, and anticipated medical expenses. Petitioner fails, however, to refer us to any legal authority that would justify his deductions. Deductions from gross income do not turn on equitable considerations. They depend on legislative grace, and then deductions are only allowed when there are clear provisions therefor. ; . It is well established, contrary to petitioner's argument, that section 165 does not allow deductions for a loss of anticipated earnings. [3] To allow such deductions would create a host of problems as well as violate the general rule that there is nothing in section 165 indicating "that Congress intended to allow petitioner to reduce ordinary income actually received and reported by the amount of income he failed to realize." . Accordingly, *345 we conclude petitioner may not deduct as a casualty loss the income he allegedly failed to earn because of his 1969 automobile accident. Petitioner has also deducted anticipated medical expenses. Congress has specifically provided that "expenses paid during the taxable year" are deductible to the extent they are not compensated for, and to the extent they exceed 3 percent of the taxpayer's adjusted gross income. Sec. 213. There is no showing that petitioner has paid the anticipated medical expenses he deducted. Therefore they are not deductible. When he incurs and pays such expenses they will then be deductible as provided by statute. To reflect the foregoing, Decisionswill be entered under Rule 155. Footnotes
1. These cases were consolidated on the parties' joint motion.↩
2. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. Brennan v. Commissioner, 1971-176 T.C. Memo.; Greenfield v. Commissioner,↩ 1965-203 T.C. Memo.